UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERSKINE EUGENE FOX

                              Plaintiff,

    v.                                                   6:10-CV-839 (GTS/ATB)

LASHAE ANTHONY, *et al.*,

                              Defendants .
_____

ERSKINE EUGENE FOX
Plaintiff, *pro se*

ANDREW T. BAXTER, Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, an application for injunctive relief, and a motion for appointment of counsel, filed by *pro se* plaintiff, Erskine Eugene Fox. (Dkt. Nos. 1-4). Plaintiff, who is civilly committed in the Central New York Psychiatric Center ("CNYPC"), has not paid the filing fee for this action.

## I.  Complaint

In his complaint, plaintiff alleges, *inter alia*, that on September 8, 2009, defendants Anthony, Crouse, and Jones assaulted plaintiff and then used excessive force when placing him into "four-point" restraints after the assault had taken place. Compl. ¶¶ 1, 7-32. Plaintiff also alleges that defendant Charmaine Bill[1] denied plaintiff due process in connection with disciplinary sanctions imposed upon plaintiff. Compl. ¶ 2. Plaintiff claims that Drs. Maximillian and Sawyer failed to properly train

---

[1] It is unclear whether the plaintiff has listed the some of defendants' names with their last names first, however, this court will refer to defendants as they are listed by plaintiff.

and supervise the Secure Care Treatment Aides at CNYPC, that defendant Charmaine Bill failed to properly supervise and manage plaintiff's treatment, and that defendant Morgan failed to properly investigate the incident. Compl. ¶¶ 3-5, 39-43.  Plaintiff seeks substantial monetary as well as injunctive relief.  For a more complete statement of plaintiff's claims, reference is made to the complaint.

## II.   *In Forma Pauperis (IFP)*

Plaintiff has moved to proceed IFP in this action. (Dkt. No. 3).  A review of plaintiff's application shows that his motion to proceed IFP may be granted.

## III.   Preliminary Injunction and/or Temporary Restraining Order ("TRO")

Plaintiff makes a motion for a TRO and/or preliminary injunctive relief. (Dkt. No. 2).  Plaintiff asks that this court enjoin defendants LaShae Anthony, Frank Crouse, and Marques Jones from having any contact with plaintiff. *Id.*  Rule 65 of the Federal Rules of Civil Procedure governs applications for temporary injunctive relief. Rule 65 provides that the court may issue a TRO without oral or written notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint
> clearly show that immediate and irreparable injury, loss, or
> damage will result to the movant before the adverse party
> can be heard in opposition; and
> (B) the movant's attorney verifies in writing any efforts made
> to give notice and why it should not be required.

FED. R. CIV. P. 65(b)(1)(A) & (B).  TROs generally expire within ten days of the order unless the court extends the time or the adverse party consents to an extension. *Id.* 65(b)(2).  The purpose of a TRO is to preserve the status quo and prevent irreparable

2

harm until the court can consider the request for a preliminary injunction. *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120. 1124 (2d Cir. 1989) (quoting *Pan American World Airways, Inc. v. Flight Engineers' Int'l Ass'n*, 306 F.2d 840, 842-43 (2d Cir. 1962)). Thus, although plaintiff states that he is asking for a TRO, this court will interpret plaintiff's request as also asking for a preliminary injunction.

The standard for either a TRO or a preliminary injunction is well-settled and requires a plaintiff to demonstrate irreparable harm, and either a likelihood of success on the merits or sufficiently serious questions going to the merits such as to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor. *See Leibowitz v. Smith Barney*, 863 F. Supp. 171, 173 (S.D.N.Y. 1994) (citing *inter alia Local 1814, Int'l Longshoremen's Assn. AFL-CIO v. New York Shipping Assn., Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)). The burden of proving that injunctive relief should issue rests entirely on the moving party. *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997).

Plaintiff in this case is not asking to preserve the status quo. He is asking the court to issue a mandatory injunction, forbidding the defendants to have any contact with plaintiff because he fears that when they find out about this law suit, they will retaliate against him. When an individual seeks a mandatory injunction, he must show a "clear" or "substantial" likelihood of success on the merits. *Id.* Plaintiff must demonstrate that the harm is neither remote nor speculative, but actual and imminent. *Id.* at 168 (citing *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 989, 975 (2d Cir. 1989)). Plaintiff has submitted no evidence, other than his own speculation that

defendants, who allegedly used excessive force on him ***once*** in September of 2009, will retaliate against him when they find out that he filed this law suit. The same claim could be made by any inmate who names corrections officers as defendants in any action.

The court would point out that plaintiff states that on September 10, 2009, he made a "formal complaint" to a member of "Risk Management." Compl. ¶ 38. Defendant Morgan investigated the issue, albeit not to plaintiff's satisfaction. Compl. ¶ 39-43. Clearly, defendants were aware that plaintiff filed an administrative complaint about them, and yet, it appears that there have been no further incidents. Plaintiff waited several months to file this action.[2] Plaintiff's fear of retaliation is completely speculative and insufficient to justify granting either a TRO, preliminary injunction, or any injunctive relief at this time.

## IV. Appointment of Counsel

Plaintiff has moved for appointment of counsel. (Docket No. 4). There are various reasons for the court to deny counsel at this time. First, prior to the court evaluating a request for appointment of counsel, a party must first demonstrate that he is unable to obtain counsel through the private sector or public interest firms. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Plaintiff has made no such showing in this action. Before the court analyzes the merits of the case for appointment of counsel,

---

[2] The incident occurred on September 8, 2009, and this complaint was filed July 9, 2010. (Dkt. No. 1).

plaintiff must attempt to locate counsel on his own.

Even if plaintiff had been unsuccessful in locating counsel on his own, in *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit listed the factors that a court must consider in determining whether to appoint counsel. The court should first consider whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court considers a number of other factors. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d at 61). In *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003), the Second Circuit stressed the importance of requiring indigent litigants seeking appointed counsel to first pass the test of likely merit.

This action was only recently commenced. The only facts upon which this Court may base its decision as to whether this lawsuit is of substance are the facts stated in plaintiff's complaint. Where there are merely unsupported allegations, the moving party does not meet the first requirement imposed by the Second Circuit for appointment of *pro bono* counsel. *See Harmon v. Runyon*, No. 96-Civ.-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997). After the facts in this case have been developed, plaintiff may file a new motion for appointment of counsel, at which time, the Court will be better able to determine whether such appointment is warranted. Any future motion must be accompanied by documentation that substantiates plaintiff's efforts to retain counsel on his own. Thus, plaintiff's motion for appointment of counsel is denied.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 3) is **GRANTED**.[3] The Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summons and complaint to the Attorney General of the State of New York, together with a copy of this order, and it is

**ORDERED**, that a response to the complaint be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendants, and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action shall bear the number assigned to this case and shall be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken by the Court.**

Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by

---

[3] Plaintiff should note that although his application to proceed *in forma pauperis* has been granted, he will still be required to pay other fees that he may incur in this action, including copying and/or witness fees.

the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED WITHOUT PREJUDICE** as specified above, and it is

**RECOMMENDED**, that plaintiff's motion for a TRO (Dkt. No. 2) be **DENIED**, and it is

**ORDERED**, that the Clerk serve a copy of this Order on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have **fourteen (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 15, 2010

                                         Hon. Andrew T. Baxter
                                         U.S. Magistrate Judge