UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERSKINE EUGENE FOX,

                                        Plaintiff,

                                                                    9:10-CV-0839
v.                                                                  (GTS/ATB)

LASHAE ANTHONY, Secure Care Treatment Aide;
FRANK CROUSE, Secure Care Treatment Aide;
MARQUES JONES, Secure Care Treatment Aide;
R.N. CHARMAINE BILL, Treatment Team Leader;
DR. TERRI MAXYMILLIAN, Psd. D., Sex Offender
Program Dir.; DR. DONALD SAWYER, Ph.D.,
Exec. Dir.; and JAMES MORGAN, Assoc. Dir. of
Risk Mgmt.,

                                        Defendants.
_____

APPEARANCES:

ERSKINE EUGENE FOX
    Plaintiff, *Pro Se*
Central N.Y. Psychiatric Center
P.O. Box 300
9005 Old River Road
Marcy, NY 13403

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in the above-captioned *pro se* civil rights action filed by

Erskine Eugene Fox ("Plaintiff") against seven employees of New York State ("Defendants"),

are (1) Plaintiff's motion for a Temporary Restraining Order and Preliminary Injunction, and (2)

United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending

that Plaintiff's motion be denied.  (Dkt. Nos. 2, 5.)  For the reasons set forth below, Magistrate

Judge Baxter's Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's

motion for a Temporary Restraining Order and Preliminary Injunction is denied.

## I.     RELEVANT BACKGROUND

Familiarity with the grounds offered in support of Plaintiff's motion and Magistrate Judge Baxter's Report-Recommendation, as well as the claims and factual allegations asserted in Plaintiff's Complaint, is assumed in this Decision and Order, which is intended primarily for the review of the parties.  To the extent that a summary of the grounds of Plaintiff's motion and claims in his Complaint is necessary, reference is made to Magistrate Judge Baxter's Report-Recommendation, which accurately summarizes those grounds and claims.

## II.    APPLICABLE LEGAL STANDARDS

### A.     Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases],

---

[1]     On *de novo* review, "[t]he judge may . . . receive further evidence . . . ."  28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

*aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2]  Similarly, when a party makes no

objection to a portion of a report-recommendation, the Court reviews that portion for clear error

or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y.

July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee

Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).

> **B.      Standard Governing a Motion for a Temporary Restraining Order and/or
>             Preliminary Injunction**

For the sake of brevity, and because (again) this Decision and Order is intended primarily

for the review of the parties, the Court incorporates by reference Part III of Magistrate Judge

Baxter's Report-Recommendation, which accurately recites the legal standard governing a

motion for a temporary restraining order and preliminary injunction.

## III.    ANALYSIS

Plaintiff has not filed any Objections to Magistrate Judge Baxter's Report-

Recommendation, and the deadline by which he must do so has passed.  As a result, the Court

reviews the Report-Recommendation for only clear error.  After carefully reviewing all of the

papers in this action, including Magistrate Judge Baxter's Report-Recommendation, the Court

concludes that the thorough Report-Recommendation is correct in all respects.  (Dkt. No. 5.)

---

[2]      *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.
12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the
constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be
adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."),
*aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) The Court would add only one observation.

Among other things notably absent from Plaintiff's Complaint and motion papers is any indication that he was assaulted, or even threatened, between September 10, 2009 (the date on which he filed a grievance regarding the assault giving rise to his Complaint) and February 5, 2010 (the date on which that grievance was denied). (*Id*.) Nor is there any indication that he was assaulted, or even threatened, between February 5, 2010, and July 7, 2010 (the date on which Plaintiff signed his Complaint and motion papers). (*Id*.) As a result, there is insufficient reason for the Court to conclude, based on the current record, that Defendants will pose a certain and imminent harm to Plaintiff once they learn of this action.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 2) is **DENIED** without prejudice.

Dated: August 23, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge