UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERSKINE EUGENE FOX,

                              Plaintiff,

      -v.-                                        9:10-CV-839
                                                            (GTS)(ATB)

LASHAE ANTHONY, *et al.*,

                              Defendants.

ERSKINE EUGENE FOX
Plaintiff, *pro se*

C. HARRIS DAGUE, Esq.
Assistant Attorney General

ANDREW T. BAXTER, United States Magistrate Judge

## DECISION and ORDER

    Plaintiff Erksine Eugene Fox, commenced this action *pro se*, claiming that he had been assaulted by employees of the Central New York Psychiatric Center ("CNYPC").[1] (Dkt. No. 1). On July 15, 2010, this Court granted plaintiff's motion for *in forma pauperis* status, and ordered service on defendants. (Dkt. No. 5). Pursuant to the Mandatory Pretrial Discovery and Scheduling Order, issued by this Court, defendants provided plaintiff with mandatory disclosures. (Dkt. No. 19). On March 22, 2012 and on April 10, 2012, I decided some outstanding discovery issues, after conducting an in camera review of the documents. (Dkt. No. 33).

    In my April 10, 2012 order, I determined that one portion of a report remain redacted, after plaintiff requested its disclosure, and I ordered that plaintiff was

---

[1] Plaintiff was civilly committed at CNYPC.

prohibited from disseminating discovery documents to anyone but his counsel (if later retained by plaintiff or appointed by the court). *Id.* at 4.  I ordered defendants to provide plaintiff with discovery documents, with redactions completed pursuant to my March and April, 2012 orders. *Id.* at 4-5.

On May 7, 2012, plaintiff filed a letter, dated May 3, 2012, but referring to a letter written by defense counsel to plaintiff in July of **2011**, long before the 2012 discovery orders referred to above.  In his May 3, 2012 letter, plaintiff states that he did not receive documents "outside of the documents that was [sic] submitted to your office for in camera review." (Dkt. No. 34).  Plaintiff then states that he "did receive the unredacted copies of the report." (*Id.*)  Plaintiff states that he did not receive the "other" documents he requested. (*Id.*)  Plaintiff states that he has not received a copy of his deposition.  Plaintiff stated that he "does not know how to proceed from here . . . ." (*Id.*)  All deadlines have now expired in this case.

All deadlines have expired with no dispositive motions being filed.  Based on the expiration of all pretrial deadlines, on July 9, 2012, U.S. District Court Judge Glenn T. Suddaby ordered that counsel be appointed for plaintiff for purposes of conducting the trial in this action. (Text Order dated July 9, 2012).  The Clerk of the Court has been directed to obtain pro bono counsel for the court's review and appointment.  The Text Order states that upon assignment of pro bono counsel, the Court will schedule a final pretrial conference.  At this conference, the court will

discuss any outstanding issues, including settlement, and the trial schedule. If there are important documents that have not been provided, plaintiff may discuss the issue with his appointed attorney.

**WHEREFORE**, it is hereby

**ORDERED**, that to the extent that plaintiff's May 3, 2012 letter can be construed as requesting assistance form the court in obtaining documents, it is **DENIED WITHOUT PREJUDICE**, pending appointment of an attorney in accordance with Judge Suddaby's July 9, 2012 Order.

Dated: July 16, 2012

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge